**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000069**
**30-SEP-2011**
**08:27 AM**

NO. CAAP-11-0000069

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN RE ADOPTION OF A MALE CHILD


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-A 09-1-000369)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Leonard, JJ.)

Petitioners-Appellants Prospective Adoptive Father and Prospective Adoptive Mother (collectively, Petitioners) appeal from the "Order Denying Petition for Adoption," that was filed on December 30, 2010, in the Family Court of the First Circuit (Family Court).[1] We affirm.

I.

Petitioners are the paternal grandparents of the child involved in this case (Child). Child was born in 2005. The Honolulu Police Department assumed protective custody of Child upon Child's release from the hospital and Child was thereafter placed in the foster custody of the Department of Human Services (DHS). In January 2006, Child was placed in the foster home of Petitioners. In November 2006, Child was removed from Petitioners' foster home by the DHS after it was confirmed that Petitioners had been using marijuana. Prospective Adoptive

---

[1] The Honorable Jennifer L. Ching presided.

Father was using marijuana as treatment for glaucoma pursuant to a medical marijuana prescription while Prospective Adoptive Mother was using marijuana without a prescription. After Child was removed from Petitioners' care, Prospective Adoptive Father participated in substance abuse education classes. After completing these classes, he was arrested for and pleaded guilty to driving while intoxicated, which he admitted was not the first arrest or conviction for this offense.

Prospective Adoptive Father has a medical history that includes suffering a stroke and surgery for left and right knee replacements. The record indicates that he has been consuming alcohol in addition to using marijuana and pain medication. Prospective Adoptive Mother suffered a heart attack and had open heart surgery. She also has degenerative joint disease and has been prescribed pain medication.

In November 2007, Child was placed with non-relative foster parents and had lived with these foster parents since that time. In 2008, the DHS referred Petitioners for psychological evaluations to permit them to be considered as a foster placement option for Child. Prospective Adoptive Mother completed the psychological evaluation arranged by the DHS, but Prospective Adoptive Father missed three appointments and did not participate in the psychological evaluation until over a year after the third missed appointment. Prospective Adoptive Father's evaluation recommended that he receive additional education to build his parenting skills.

In February 2009, the parental rights of Child's mother and father were terminated, and the DHS was awarded permanent custody of Child. On November 4, 2009, Petitioners filed a petition for adoption of Child. The Child's guardian ad litem (GAL) opined that it would not be in Child's best interests to be adopted by Petitioners. A clinical psychologist testified that the Kapiolani Child Protection Center's Multidisciplinary Team assessed Petitioners as being inadequate to care for Child. The Family Court denied Petitioners' petition for adoption,

concluding, among other things, that under Hawaii Revised Statutes (HRS) § 578-8(a)(4) (2006),[2/] it was not satisfied that the adoption by Petitioners "will be for the best interests of Child."

II.

On appeal, Petitioners: (1) challenge the validity of numerous findings of fact and conclusions of law entered by the Family Court; and (2) contend that the family court failed to timely enter findings of fact and conclusion of law in violation of Hawai'i Family Court Rules (HFCR) Rule 110 (2000). We conclude that Petitioners' arguments on appeal do not entitle them to any relief. We resolve Petitioners' arguments as follows:

1. The Family Court did not err in denying Petitioners' adoption petition on the ground that it was not satisfied that the adoption by Petitioners would be for the best interests of Child. The unchallenged findings of fact when combined with the challenged findings that were supported by substantial evidence were sufficient to support the Family Court's decision. These findings included that: (1) Petitioners have a history of serious medical conditions: stroke and knee

---

[2/] HRS § 578-8(a) provides:

> (a) No decree of adoption shall be entered unless a hearing has been held at which the petitioner or petitioners, and any legal parent married to a petitioner, and any subject of the adoption whose consent is required, have personally appeared before the court, unless expressly excused by the court. After considering the petition and such evidence as the petitioners and any other properly interested person may wish to present, the court may enter a decree of adoption if it is satisfied (1) that the individual is adoptable under sections 578-1 and 578-2, (2) that the individual is physically, mentally, and otherwise suitable for adoption by the petitioners, (3) that the petitioners are fit and proper persons and financially able to give the individual a proper home and education, if the individual is a child, and (4) that the adoption will be for the best interests of the individual, which decree shall take effect upon such date as may be fixed therein by the court, such date to be not earlier than the date of the filing of the petition and not later than six months after the date of the entry of the decree.

(Emphasis added.)

3

replacements for Prospective Adoptive Father and heart attack and heart surgery along with degenerative joint disease for Prospective Adoptive Mother; (2) Prospective Adoptive Father's failure to participate in a psychological evaluation for over a year demonstrated his unwillingness to make Child a priority; (3) Prospective Adoptive Father's psychological evaluation recommended that he receive additional parenting education; (4) after completing substance abuse education classes, Prospective Adoptive Father was arrested for and convicted of driving while intoxicated; (5) Prospective Adoptive Mother's use of marijuana was not at the direction of a physician; (6) Prospective Adoptive Mother's testimony about smoking marijuana for heath reasons was not credible; (7) Child has been with his current foster parents since November 2007; (8) Child's GAL is of the opinion that it would not be in the best interests of the Child to be adopted by Petitioners; and (9) a clinical psychologist testified that the Kapiolani Child Protection Center's Multidisciplinary Team assessed Petitioners as being inadequate to care for Child. These findings also supported the Family Court's conclusion that the DHS did not unreasonably withhold its consent to the petition for adoption.

2. The timing of the Family Court's filing of its findings of fact and conclusions of law does not entitle Petitioners to any relief. HFCR Rule 110, which applies to adoptions, provides:

> Notwithstanding Rule 52 of these rules, following the hearing, written findings of fact and conclusions of law that shall be prepared by the court or by the attorney for the petitioner or petitioners, shall be entered in each case.

HFCR Rule 110 does not contain a time limit for filing findings of fact and conclusions of law. Here, the Family Court's findings of fact and conclusions of law were filed before Petitioners filed their opening brief, and Petitioners challenged the Family Court's findings of fact and conclusions of law in their opening brief. Under these circumstances, Petitioners'

4

argument that the Family Court should have filed its findings of fact and conclusions of law earlier provides no basis for this court to overturn the Family Court's denial of their petition for adoption.

III.

We affirm the "Order Denying Petition for Adoption," that was filed by the Family Court on December 30, 2010.

DATED: Honolulu, Hawai'i, September 30, 2011.


On the briefs:

Michael A. Glenn
for Petitioners-Appellants

Dean T. Nagamine
Guardian Ad Litem

Michael G.K. Wong
Mary Anne Magnier
Deputies Attorney General
for Department of Human Services
Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

Associate Judge

Associate Judge